UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIS D. O'BERRY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **ENSCO INTERNATIONAL, INC.** | * | **SECTION:** |
| **and ENSCO PLC** | * | |
| | * | **MAGISTRATE DIVISION:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Willis D. O'Berry, who for his Complaint for Damages avers as follows:

**I. PARTIES**

1. Willis D. O'Berry ("Plaintiff") is an adult resident citizen of the State of Mississippi.

2. Defendants are:

   A. ENSCO International, Inc., a foreign corporation domiciled in the State of Texas with its principal business office located at 5847 San Felipe Street, Suite 3300, Houston, Texas 77057; and

   B. ENSCO PLC, a foreign public limited company organized under the laws of England and Wales, and maintaining its principal North American business office at 5847 San Felipe, Suite 3300, Houston, TX 77057.

**II. JURISDICTION**

3. Jurisdiction is vested in this Honorable Court pursuant to:

   A. 28 U.S.C. § 1331, more commonly known as "federal question jurisdiction" because Plaintiff asserts a claim against ENSCO PLC and ENSCO International, Inc.,

pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.*; and

B.  Alternatively, pursuant to 28 U.S.C. § 1333 because Plaintiff also asserts a General Maritime Law claim for unseaworthiness against ENSCO PLC.

### III.  VENUE

4.  Venue in the Eastern District of Louisiana is conferred by 28 U.S.C. § 1391(b)(3).

### IV.  FACTUAL ALLEGATIONS

5.  At all times material, ENSCO International, Inc., was Plaintiff's Jones Act employer. It employed Plaintiff as a driller, and it assigned him as a crew member aboard the ENSCO 88.

6.  At all times material, ENSCO PLC was also Plaintiff's Jones Act employer because it exercised substantial control and supervision over Plaintiff.

7.  At all times material, ENSCO PLC owned and operated the "jack-up" drilling vessel ENSCO 88.

8.  On about March 17, 2015, Plaintiff was a mandatory participant in a water survival training course required by Defendants and taught by their agent, SMTC Global.

9.  This course included practicing at-sea escape from a downed helicopter, and boarding life rafts.

10. Plaintiff, who was then sixty-two years old, had great difficulty getting out of the helicopter and into a life raft.  These problems were reported to, and know by a supervisor.

11. Plaintiff, despite his age, had not been medically cleared for such arduous physical activities.

12. While struggling to climb into a life raft from the water, Plaintiff was injured when he was grabbed at the neck by fellow crew members and was roughly hauled aboard the raft.

## V.  JONES ACT CLAIM

**13.** At all times material, Plaintiff was assigned by ENSCO International, Inc. as a driller aboard the vessel ENSCO 88, and as a crew member he was also the "borrowed employee" of ENSCO PLC.

**14.** At all times material, the ENSCO 88 was a vessel in navigation.

**15.** Defendants required Plaintiff to undergo water survival training as part of his duties as a crew member of ENSCO 88.

**16.** Plaintiff's injury was caused in whole or in part by the fault of SMTC Global, which under contract performed the Defendants' water survival training activities.

**17.** SMTC Global was Defendants' "agent."

**18.** The Defendants' negligence consisted of one or more of the following:

   **A.** Failing to medically clear Plaintiff before requiring him to attend an arduous water survival course as part of his employment duties;

   **B.** Contracting with SMTC Global to perform water survival training without first discovering if the training was too arduous for Plaintiff.

   **C.** Requiring Plaintiff to participate in physically arduous training where he was injured by the negligence of SMTC Global personnel, when they forcibly extracted Plaintiff from the water after he had difficulty boarding a life raft;

   **D.** Forcibly and improperly extracting Plaintiff from the water when he had difficulty boarding a life raft during water survival training; and

   **E.** Such other acts of negligence as may be revealed during discovery or proven at trial.

**19.** Defendants' negligence, and the negligence of their agent SMTC Global, were proximate causes of Plaintiff's injury and damages.

## VI.  UNSEAWORTHINESS CLAIM AGAINST ENSCO PLC

**20.**   Plaintiff reiterates and re-urges the foregoing allegations of fact as if set forth *in extenso*.

**21.**   At all times material, the crew of the ENSCO 88 was inadequate and incompetent because:

    **A.**   Crew leadership did not recognize the hazards posed by the rigorous water survival training it required Plaintiff to undertake;

    **B.**   Crew leadership did not medically clear Plaintiff before requiring him to attend an arduous water survival course;

    **C.**   Crew leadership failed to ascertain if water survival training was too arduous for Plaintiff;

    **D.**   Crew leadership failed to ascertain what methods would be used to extract Plaintiff from the water if he had difficulty boarding life rafts during water survival training; and

    **E.**   Such other conditions which rendered ENSCO 88 unseaworthy as may be revealed during discovery or proven at trial.

**22.**   The foregoing conditions rendered ENSCO 88 unseaworthy.

**23.**   The unseaworthiness of ENSCO 88 was a proximate cause of Plaintiff's injury and damages.

## VII.  PLAINTIFFS' GENERAL AND SPECIAL DAMAGES:

**24.**   As a direct result of Defendants' negligent acts and/or omissions, and/or the negligence of Defendant's agent, and/or the unseaworthiness of ENSCO 88, Plaintiff has suffered damages as follows:

    **A.**   Physical pain and suffering;

    **B.**   Mental anguish and suffering;

    **C.**    Permanent physical disability;

    **D.**    Loss of earning capacity and/or income;

    **E.**    Loss of enjoyment of life; and, if and to the extent not paid as "cure;" and

    **F.**    Costs of medical care and treatment.

## VIII. LIABILITY ALLEGATIONS:

**25.**    For reason of the acts of fault, want of care, and negligence on the part of Defendants and their agent, SMTC Global, which were direct and proximate causes of Plaintiff's injuries, Defendants are jointly, severally, and solidarily liable to Plaintiff in money damages reasonable under these premises.

**26.**    For reason of the unseaworthiness of ENSCO 88, which was a direct and proximate cause of Plaintiff's injuries, ENSCO PLC is liable to Plaintiff in money damages reasonable under these premises.

## IX. REQUEST FOR TRIAL BY JURY:

**27.**    Pursuant to Fed. R. Civ. P. 38, and the provisions of 46 U.S.C. § 30104, *et seq.*, Plaintiff requests trial by jury.

## X. PRAYER FOR RELIEF:

**28.**    **WHEREFORE**, Plaintiff, Willis D. O'Berry, prays that ENSCO International, Inc., and ENSCO PLC be served with Summons and copy of this Complaint for Damages, that they serve their answers thereto, that after due proceedings had and the expiration of all legal delays there be a final judgment entered holding them liable unto Plaintiff in money damages reasonable under these premises, that there also be an award of legal interest from date of judicial demand until all money awarded in judgment is fully paid, that there also be an award of all costs allowed by law, that there

be trial by jury, and that the Court grant such other and further relief as the interests of justice may require.

                              Respectfully submitted,

                               */s/ Frank E. Lamothe, III*
                              FRANK E. LAMOTHE, III, T.A., La. Bar # 07495
                              RICHARD M. MARTIN, JR., La. Bar #08998
                              **LAMOTHE LAW FIRM, LLC**
                              400 Poydras Street, Suite 1760
                              New Orleans, LA 70130
                                  Telephone: (504) 704-1414
                              Facsimile:  (985) 249-6006
                              E-Mail: felamothe@lamothefirm.com
                                      rmartin@lamothefirm.com

                              ***Attorneys for Plaintiff, Willis D. O'Berry***