# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**WILLIS D. O'BERRY,**
    **Plaintiff**

**VERSUS**

**ENSCO INTERNATIONAL,
LLC, ET AL.**
    **Defendants**

**CIVIL ACTION**

**NO. 16-3569**

**SECTION: "E" (1)**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant ENSCO plc.[1] Plaintiff opposes ENSCO plc's motion.[2]

## BACKGROUND

On April 21, 2016, Plaintiff, Willis D. O'Berry, filed his Seaman Complaint against ENSCO International, Inc. and ENSCO plc.[3] On November 9, 2016, Plaintiff filed his first amended complaint additionally naming ENSCO Limited and ENSCO Inc. as Defendants.[4]

Plaintiff alleges that on or about March 17, 2015, he was a mandatory participant in a water survival training course required by Defendants and taught by their agent, SMTC Global.[5] This course, which Plaintiff concedes was taught ashore, included participating in an at-sea escape from a downed helicopter and boarding life rafts.[6]

---

[1] R. Doc. 6. The Motion to Dismiss was originally filed by Defendants ENSCO International, Inc. and ENSCO plc. *See id.* On March 13, 2017, the Court granted Plaintiff's Consent Motion to Dismiss ENSCO International, Inc. without prejudice. R. Doc. 77. As a result, Record Document 6 only pertains to ENSCO plc.

[2] R. Docs. 11, 30, 52, 61.

[3] R. Doc. 1.

[4] R. Doc. 36. ENSCO International, Inc. and ENSCO Inc. were voluntarily dismissed. R. Doc. 77. The remaining Defendants are ENSCO Limited and ENSCO plc. ENSCO limited filed an answer and does not contest jurisdiction. R. Doc. 62.

[5] R. Doc. 36, at 3-4.

[6] R. Doc. 1, at 1.

Plaintiff, who was then sixty-two years old, alleges he had great difficulty getting out of the helicopter and into a life raft.[7] Plaintiff alleges that, because of his age, he should have been but was not medically cleared for such arduous physical activity.[8] Plaintiff alleges that while struggling to climb into a life raft from the water, he was injured when he was grabbed at the neck by fellow participants and was roughly hauled aboard the raft.[9] Plaintiff alleges that, as a result, he suffered serious cervical neck injuries for which a lumbar fusion operation was required.[10] Plaintiff alleges he has not been paid maintenance and cure.[11]

On June 28, 2016, Defendant ENSCO plc filed a Rule 12 Motion to Dismiss.[12] ENSCO plc argues this Court lacks subject matter jurisdiction "as the alleged claims are neither subject to admiralty jurisdiction nor federal question jurisdiction given that U.S. law does not apply and the alleged incident took place onshore in Saudi Arabia."[13] In addition, ENSCO plc argues, "this Court lacks personal jurisdiction over the ENSCO entities as the accident occurred overseas and only involves foreign parties who lack sufficient minimum contacts with the United States."[14] Next, ENSCO plc argues, "For similar reasons, this case should also be dismissed on *forum non conveniens* grounds as it would be an undue burden to force the defendants to litigate this suit in the United States when all the activities and witnesses are located abroad."[15] Finally, ENSCO plc argues the Plaintiff's Jones Act claims against it are also subject to dismissal on 12(b)(6)

---

[7] R. Doc. 36, at 3.
[8] *Id.* at 4
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] R. Doc. 6.
[13] *Id.* at 1.
[14] *Id.*
[15] *Id.*

grounds considering the Plaintiff was never employed by ENSCO plc, but rather, was employed by a separate and distinct Cayman corporation, ENSCO Limited.[16] Plaintiff opposed this motion on July 19, 2016.[17] Shortly thereafter, ENSCO plc filed a supplemental brief in support of its Rule 12 motion on July 26, 2016.[18]

Following the initial filing of the motion to dismiss, the Court granted oral argument[19] which was subsequently cancelled to allow the parties time to conduct jurisdictional discovery.[20] After conducting jurisdictional discovery, Plaintiff filed a supplemental memorandum in opposition on October 27, 2015.[21] As discussed above, Plaintiff filed his amended complaint on November 9, 2016 naming ENSCO Limited and ENSCO Inc. as Defendants.[22] On November 17, 2016, ENSCO plc filed its second supplemental brief in support of its motion to dismiss.[23] On November 21, 2016, the Court ordered the Defendants to file a separate memorandum clarifying whether general personal jurisdiction exists in any jurisdiction in the United States over any of the named Defendants in this action.[24] On November 22, 2016, the Court granted Plaintiff leave to file his response to Defendant's second supplemental brief.[25] On November 28, 2016, Defendants filed their brief in response to the Court's order.[26] In response, on December 2, 2016, Plaintiff filed a memorandum in opposition.[27] On January 23, 2017, Plaintiff filed his Supplemental Memorandum Regarding Jurisdiction Over the Individual

---

[16] *Id.* at 2.
[17] R. Doc. 11.
[18] R. Doc. 14.
[19] R. Doc. 10.
[20] R. Doc. 15.
[21] R. Doc.
[22] R. Doc. 36.
[23] R. Doc. 43.
[24] R. Doc. 46.
[25] R. Doc. 49.
[26] R. Doc. 51.
[27] R. Doc. 52.

Defendants.[28] On January 31, 2017, the Court granted ENSCO plc leave to file its Third Supplemental Memorandum in support of its Motion to Dismiss.[29] On March 13, 2017, the Court granted Plaintiff's *ex parte* Motion to Dismiss Defendants Ensco International, Inc. and Ensco Inc. without prejudice.[30]

## LEGAL STANDARD

I.  Rule 12(b)(1)

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[31] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[32] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[33] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[34] "When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[35]

---

[28] R. Doc. 61.

[29] R. Doc. 68.

[30] R. Doc. 77.

[31] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

[32] *See* Fed. R. Civ. P. 12(b)(1).

[33] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

[34] *In re FEMA*, 668 F.3d at 287.

[35] *Valdery v. Louisiana Workforce Comm'n*, No. CIV.A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015).

II.   <u>Rule 12(b)(2)</u>

"Personal jurisdiction 'is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication.'"[36] When a non-resident defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving that personal jurisdiction exists.[37] If the district court rules on the motion without an evidentiary hearing, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction.[38] In determining whether the plaintiff has made a *prima facie* showing of personal jurisdiction, the district court must take the allegations of the complaint as true, except as controverted by opposing affidavits, and all conflicts in the facts must be resolved in favor of plaintiffs.[39] Thus, the district court may consider matters outside the complaint, including affidavits, when determining whether personal jurisdiction exists.[40]

To exercise personal jurisdiction over a non-resident defendant, two requirements must be satisfied. "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment."[41] Because Louisiana's long-arm statute confers personal jurisdiction to the limits of constitutional due process, these two inquiries become one and the same.[42]

---

[36] *Anderson v. GlobalSantaFe Offshore Services, Inc.*, 924 F. Supp. 2d 738, 742 (E.D. La. 2013) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[37] *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).
[38] *See id.*
[39] *Id. See also Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).
[40] *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).
[41] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (citation omitted).
[42] *Luv N' Care*, 438 F.3d at 469; La. R.S. 13:3201(B).

The Due Process Clause of the Fourteenth Amendment "operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."[43] For a court's exercise of personal jurisdiction over a non-resident defendant to be constitutional under the Due Process Clause, (1) "that defendant [must have] purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant [must] not offend 'traditional notions of fair play and substantial justice.'"[44]

The "minimum contacts" test takes two forms, depending on the type of jurisdiction the court seeks to exercise over the defendant: general jurisdiction or specific jurisdiction.  In addition, the Federal Rules of Civil Procedure provide for a third form of personal jurisdiction in cases arising under federal law known as Rule 4(k)(2) jurisdiction.

III.   Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[45] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[46] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[43] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984).
[44] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citation omitted).
[45] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

alleged."[47] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[48] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[49]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[50] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[51] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[52]

## ANALYSIS

I.  <u>Subject-Matter Jurisdiction</u>

In his Amended Complaint, Plaintiff asserts this Court has subject-matter jurisdiction under the following: (1) 28 U.S.C. § 1331 federal question jurisdiction because Plaintiff asserts a claim pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.*; (2) alternatively, diversity jurisdiction, pursuant to 28 U.S.C. § 1332 (a)(1) and (2) because the matter in controversy here exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States and/or citizens of a foreign state; and

---

[47] *Id.*
[48] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[49] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[50] *Twombly*, 550 U.S. at 555.
[51] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[52] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).

(3) alternatively, pursuant to 28 U.S.C. § 1333 original jurisdiction because Plaintiff asserts a General Maritime law claim for maintenance and cure.[53]

  a. <u>Does the Court Have Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331?</u>

In his amended complaint, Plaintiff alleges this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as a result of his claim under the Jones Act, 46 U.S.C. § 30104, *et seq.*[54] A claim under the Jones Act is a federal question.[55]

To establish federal question jurisdiction, a plaintiff must allege a colorable Jones Act claim.[56] In order to allege a colorable Jones Act claim, a plaintiff must allege (1) he was employed as a seaman connected to a vessel; (2) he was injured in the course of his employment; and (3) his employer's negligence caused his injury.[57]

First, it does not appear that there is any dispute that the Plaintiff was employed as a seaman connected to a vessel. Defendants do not raise the issue in their motion to dismiss, and it is stated that Mr. O'Berry was employed on the *ENSCO* 88, "a Liberian-flagged *vessel.*"[58] "The test for seaman status under the Jones Act is well established in this circuit."[59] The worker claiming such status must establish (1) that he was assigned permanently to, or performs a substantial part of his work on, (2) a vessel in navigation

---

[53] R. Doc. 36, at 2.

[54] *Id.*

[55] 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 6-20 (5th ed. 2011) (internal citations omitted). ENSCO plc argues there is no federal question jurisdiction for this Jones Act claim because it is clear that United States law will not govern this case. *See* R. Doc. 6-1, at 4. ENSCO plc's argument is based on a choice of law analysis which is part of the inquiry for dismissal pursuant to *forum non conveniens*, discussed below, and not subject-matter jurisdiction. *See Robichaux v. Sunland Const., Inc.*, 2002 WL 31741211 (E.D. La. Dec. 5, 2002); *Warn v. M/Y Maridome*, 169 F.3d 625 (9th Cir. 1999); *Halloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).

[56] *See, e.g., Halloway*, 669 F.3d at 448.

[57] *See, e.g., id.*

[58] R. Doc. 6-1, at 17. (emphasis added).

[59] *Smith v. Odom Offshore Surveys, Inc.*, 791 F.2d 411, 415 (1986)

and (3) that the capacity in which he is employed, or the duty which he performs, contributes to the function of the vessel or the accomplishment of its mission.[60]

Second, whether or not Mr. O'Berry was injured in the course of his employment is disputed but Plaintiff does allege he was injured during his participation "in a helicopter underwater evacuation training course required as a condition of his employment."[61] "A seaman does not lose his status because he is temporarily assigned by his employer to duties off his vessel."[62]

Third, Plaintiff alleges he sustained his injury as a result of the negligence of SMTC, his employer's agent. He claims that despite his age, he had not been medically cleared for such arduous physical training and that his injury occurred when he was carelessly and roughly grabbed by the neck by an SMTC employee.[63] A Jones Act employer can be held liable for the acts of its agent.[64]

Whether or not Plaintiff's claims are supported by the facts is not the inquiry when determining subject matter jurisdiction.[65] A federal court has subject matter jurisdiction over a Jones Act claim so long as the plaintiff has properly "alleged each of the elements."[66] The Plaintiff has alleged a colorable Jones Act claim and the Court has subject-matter jurisdiction over his Jones Act claim. As the Court has determined it has

---

[60] *See Barrett v. Chevron, U.S.A.*, 781 F.2d 1067, 1072-73 (5th Cir. 1986).

[61] R. Doc. 36, at 3.

[62] *Smith*, 791 F.2d at 415 (citing *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 337, 453 (5th Cir. 1980) ("[H]ow long a seaman's status continues after a shoreside assignment is itself a fact question dependent on such factors as the duration of the assignment, its relationship to the employer's business, whether the employee was free to accept or reject it without endangering his employment status and any other factors relevant to the ultimate inquiry."). *See also Nunez v. Offshore Marine Contractors, Inc.*, 2013 WL 12106126 (S.D. Tex. Dec. 9, 2013) (denying defendant's motion for summary judgement regarding one of plaintiff's Jones Act claims related to an injury that occurring during a training exercise.).

[63] R. Doc. 36, at 3.

[64] *See Hasty v. Trans Atlas Boats, Inc.*, 389 F.3d 510, 513 (5th Cir. 2004) (citations omitted).

[65] *See Holloway*, 669 F.3d 448.

[66] *See id.* at 453.

federal question subject-matter jurisdiction over Plaintiff's Jones Act claim, the Court need not determine Plaintiff's alternatively alleged sources of subject-matter jurisdiction.

II.    Does the Court Have Personal Jurisdiction Over ENSCO plc?

ENSCO plc argues this suit should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure due to lack of personal jurisdiction. On July 26, 2016, the Court cancelled the scheduled oral argument regarding ENSCO plc's motion to dismiss and granted the parties leave of court to conduct jurisdictional discovery.  The Court also ordered the Plaintiff to file a supplemental memorandum in response to the ENSCO plc's motion to dismiss by Wednesday, October 26, 2016. In his supplemental memorandum, Plaintiff argues the Court has general and specific personal jurisdiction over ENSCO plc and alternatively, personal jurisdiction pursuant to 4(k)(2) and (3) of the Federal Rules of Civil Procedure.

According to ENSCO plc, it is a foreign corporation established and operating under the laws of the United Kingdom.[67] ENSCO plc serves as a holding and parent company.[68] "It has no employees but various employees on other payroll companies in the Eastern and Western Hemispheres served as officers for the company."[69]

a.    The Court Does Not Have General Jurisdiction Over ENSCO Plc

A court may exercise general jurisdiction over a non-resident defendant when that defendant's contacts with the forum state are "continuous and systematic," regardless of whether such contacts are related to the plaintiff's cause of action.[70] Stated differently, "[g]eneral jurisdiction will attach, even if the act or transaction sued upon is unrelated to

---

[67] R. Doc. 6-1, at 2.
[68] R. Doc. 51, at 2.
[69] *Id.*
[70] *Id.* (citing *Helicopteros*, 466 U.S. at 413–14).

the defendant's contacts with the forum state, if the defendant has engaged in 'continuous and systematic' activities in the forum state."[71] In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, the Supreme Court explained, "for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home."[72] That is, the corporation must have substantial, continuous, and systematic contacts with the forum state so as to "render [it] essentially at home in the forum state."[73] "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."[74]

As stated above, it is generally "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."[75] Plaintiff has put forward a Daily Drilling Report dated July 30, 2013 in his response to ENSCO plc's second supplemental brief in support of its Rule 12 motion to dismiss.[76] This report identifies "Ensco plc" as the Contractor of Rig No. 8506 located in the De Soto Canyon which Plaintiff alleges is in the waters of the Eastern District of Louisiana.[77] According to Plaintiff, "Obviously, this daily drilling report evidences ongoing, day-to-day, long term petroleum exploration activity in the waters of the Eastern District. This is a systematic business contact with Louisiana and the Eastern District. No other interpretation is rationally possible."[78]

---

[71] *721 Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 592 (E.D. La. 2015) (citations omitted).
[72] 564 U.S. 915, 924 (2011).
[73] *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (citing *Goodyear*, 564 U.S. 915).
[74] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Daimler AG*, 134 S. Ct. at 760; *Helicopteros*, 466 U.S. at 411–12).
[75] *Monkton Ins. Servs., Ltd.*, 768 F.3d at 432 (citing *Daimler AG*, 134 S. Ct. at 760; *Helicopteros*, 466 U.S. at 411–12).
[76] R. Doc. 49-3.
[77] R. Doc. 49, at 2.
[78] *Id.*

To make a prima facie showing of general jurisdiction, Plaintiff must produce evidence that affirmatively shows that ENSCO plc's contacts with Louisiana are sufficient to satisfy due process requirements.[79] ENSCO plc's unrelated contacts must be so substantial, continuous and systematic so as to render it essentially at home in Louisiana.[80] Even assuming the allegations related to the drilling report are true, ENSCO plc has not presented a *prima facie* showing that Louisiana is a place "in which [Ensco plc] is fairly regarded as home."[81] Given the high threshold required to show that general jurisdiction exists over a defendant in a forum other than its place of incorporation or its principal place of business, the Court finds the Plaintiff has failed to make a *prima facie* showing of general jurisdiction. As a result, the Court does not have general jurisdiction over ENSCO plc.

### b.   The Court Does Not Have Specific Jurisdiction Over ENSCO plc

When the defendant's contacts are less pervasive, a court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum."[82] Specific jurisdiction exists, for example, where a non-resident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'"[83] Specific jurisdiction also exists where a non-resident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits

---

[79] *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000) (citations omitted).
[80] *See Id.* (citations omitted); *Daimler AG*, 134 S. Ct. at 760.
[81] *See Anderson*, 924 F. Supp. 2d at 744 (quoting *Goodyear*, 564 U.S. at 922-23).
[82] *Luv N' Care*, 438 F.3d at 469.
[83] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (quoting *Alphine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)).

and protections of its laws."[84] "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."[85] The Fifth Circuit established a three-factor analysis to guide courts in assessing the presence of specific personal jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[86]

To make a *prima facie* showing of specific personal jurisdiction, the plaintiff need only satisfy the first two factors.[87] "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented."[88] Establishing a *prima facie* case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state."[89] A district court need not credit conclusory allegations, even if uncontroverted.[90] A Plaintiff may be required to

---

[84] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

[85] *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

[86] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *Luv N' Care*, 438 F.3d at 469.

[87] *Athletic Training Innovations, LLC v. eTagz, Inc.*, 955 F. Supp. 2d 602, 613 (E.D. La. 2013). *See also 721 Bourbon*, 140 F. Supp. 3d at 592–93; *Luv N' Care*, 438 F.3d at 469. If the plaintiff makes a *prima facie* showing, the burden of proof with respect to the third factor shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1018–19 (Fed. Cir. 2009). *See also Athletic Training Innovations*, *supra*, at 613.

[88] *Panda Brandywine Corp.*, 253 F.3d at 868.

[89] *Id.* (citing *Burger King*, 471 U.S. at 474 ("[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State.")).

[90] *Id.* at 869 (citing *Felch v. Transportes Lar-Mex*, 92 F.3d 320, 326 n.16 (5th Cir. 1996)).

produce evidence affirmatively demonstrating the defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state.[91]

Although Plaintiff argues this Court has specific jurisdiction over ENSCO plc, Plaintiff does not allege that the injuries leading to this litigation occurred here. When that is the case, a court may have specific jurisdiction over a tort only if the plaintiff proves that his injuries arise out of or result from the defendant's purposefully directed activities toward the forum state.[92] Plaintiff has failed to make a *prima facie* showing of specific jurisdiction as he has not alleged any facts in any of his filings which demonstrate that (1) ENSCO plc has minimum contacts with Louisiana or purposefully availed itself of the privileges of conducting activities here or that (2) his cause of action arises out of or results from ENSCO plc's Louisiana-related contacts. The Court finds it does not have specific jurisdiction over ENSCO plc in this matter.

c.   <u>The Court Has Rule 4(k)(2) Jurisdiction Over ENSCO plc</u>

Federal Rule of Civil Procedure 4(k)(2) provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>> (A) the defendant is not subject to jurisdiction in any state's court of general jurisdiction; and
>> (B) exercising jurisdiction is consistent with the United States Constitution and laws.[93]

The Rule was enacted to fill an important gap in the jurisdiction of federal courts in cases arising under federal law:

---

[91] *Id.* ("Appellants' sole evidence is their state court petition, which alleges 'on information and belief' that Appellee knew Appellants are Texas residents and knew its actions would intentionally cause harm in Appellants in Texas. Appellants present no other evidence of Appellee's contacts with Texas relating to Appellants' claims, and thus the district court properly concluded that the allegations are merely conclusory.").

[92] *Anderson*, 924 F. Supp. 2d at 745 (citing *Clark v. Moran Towing & Transp. Co., Inc.*, 738 F. Supp. 1023 (E.D. La. 1990)).

[93] Fed. R. Civ. P. 4(k)(2). Service was made upon ENSCO plc through personal service on three of its Senior Vice Presidents. *See* R. Docs. 25, 26, 27.

Thus, there was a gap in the courts' jurisdiction: while a defendant may have sufficient contacts with the United States as a whole to satisfy due process concerns, if she had insufficient contacts with any single state; she would not be amendable to service by a federal court sitting in that state . . . Rule 4(k)(2) was adopted in response to *this* problem of a gap in the courts' jurisdiction . . . [94]

"The Fifth Circuit has adopted the burden-shifting framework adopted by the United State Court of Appeals for the Seventh Circuit."[95] Under this framework:

The Plaintiff must make a prima facie case that the rule applies by "showing (1) that the claim asserted arises under federal law, (2) that personal jurisdiction is not available under any situation-specific federal statue, and (3) that the putative defendant's contacts with the nation as a whole suffice to satisfy the applicable constitutional requirements. Additionally, the plaintiff must certify that, based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state. Once plaintiff has made a prima facie case, then the burden shifts to the defendant to produce evidence that demonstrates that it is subject to jurisdiction in another state and/or that it has insufficient contacts with the United States as a whole.[96]

The Fifth Circuit has concluded that cases falling under a federal court's admiralty jurisdiction are "claim[s] arising under federal law" for the purpose of Rule 4(k)(2).[97] Therefore, Rule 4(k)(2) applies in the present case if Plaintiff O'Berry can demonstrate that "(1) the defendant in question is not subject to the general jurisdiction of any other state, and (2) that exercising jurisdiction is consistent with the due process clause of the Fifth Amendment, meaning that the defendant has sufficient minimum contacts with the United States as a whole."[98] "The Fifth Circuit has held that a 'piecemeal analysis of the existence *vel non* of jurisdiction in all fifty states is not necessary. Rather, so long as a

---

[94] *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650-51 (5th Cir. 2004) (quoting *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 721-22 (5th Cir. 1996)).
[95] *Johnson v. PPI Technology Services, L.P.*, 926 F. Supp. 2d 873, 882-83 (E.D. La. 2013) (citing *ISI Int'l Inc. v. Borden Ladner Gervais LLP*, 226 F.3d 648 (7th Cir. 2001)).
[96] *Id.* at 883 (citing *United States v. Swiss American Bank, Ltd.*, 191 F.3d 30, at 41 (1st Cir. 1999)).
[97] *See World Tanker Carriers Corp.*, 99 F.3d at 723.
[98] *Johnson*, 926 F. Supp. 2d at 882 (E.D. La. 2013) (citing *Adams v.* 364 F.3d at 651).

defendant does not concede jurisdiction in another state, a court may use 4(k)(2) to confer jurisdiction.'"[99] "If . . . the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)."[100]

On November 21, 2016, the Court issued its Order requiring all named Defendants to file a separate memorandum clarifying whether general jurisdiction exists in any jurisdiction in the United States over each of the named Defendants.[101] ENSCO plc did not fully respond to the Court's Order, and instead, merely provided a historical account of ENSCO's evolving corporate structure, adding, "There is no subject matter or personal jurisdiction over [ENSCO plc] in the Eastern District of Louisiana."[102] However, in its Third Supplemental Brief in Support of its Motion to Dismiss, ENSCO plc represents, "In this case, there is no basis for jurisdiction in any specific District Court because [it does] not have any contact with the United States and [is a] foreign corporation[] that maintain[s] all of [its] activities overseas."[103] This is sufficient to show that ENSCO plc has not conceded it is subject to the general jurisdiction of any state.

ENSCO plc argues its contacts with the United States are insignificant and therefore are not sufficient to demonstrate that exercising jurisdiction over ENSCO plc is consistent with the due process clause of the Fifth Amendment.[104] Plaintiff, however, has

---

[99] *Ogden v. GlobalSantaFe Offshore Services*, 31 F. Supp. 3d 832, 839-40 (E.D. La. 2014) (quoting *Adams*, 364 F.3d at 651).
[100] *Id.* at 840. *See also, Johnson*, 926 F. Supp. 2d at 884-85. In *Johnson*, the defendant argued it should be required to stipulate to jurisdiction in some other forum as a result of its denial of jurisdiction in the court hearing its motion to dismiss. *Id.* at 884. The Fifth Circuit, rejecting defendant GSF's argument, stated, "Unfortunately for GSF, that is exactly what the Fifth Circuit has stated that Rule 4(k)(2) requires it to do." *Id.* The Court also explained, "Moreover, this Court has given Defendants ample opportunity to make such an assertion and, yet, Defendants have refused to do so." *Id.*
[101] R. Doc. 46.
[102] R. Doc. 51, at 4.
[103] R. Doc. 68, at 2.
[104] R. Doc. 43, at 8-9 (citing *Porina v. Marward Shipping Co.*, 521 F.3d 122 (2d Cir. 2008)).

demonstrated that ENSCO plc has sufficient minimum contacts with the United States as a whole. Plaintiff points out that ENSCO plc "maintains a U.S.-based western hemisphere operational headquarters *in Houston* which is staffed by three Senior Vice Presidents and apparently Senior Legal Counsel (*i.e., personnel*)."[105] In his deposition, Christian Ochoa, Ensco, Inc.'s Director of Tax, stated that one of ENSCO plc's "operational headquarters" is in Houston.[106] Ochoa also acknowledged that ENSCO plc's (1) Senior Vice President for Western Hemisphere Activities, Gilles Luca; (2) Vice President for Human Resources, Maria Silvia; and (3) Senior Vice President for Technical Matters, John Knowlton, all have offices in Houston, Texas.[107] Additionally, Ochoa stated that Steve Brady, who was previously Senior Vice President, Western Hemisphere, and is now Senior Vice President, Eastern Hemisphere, was based in Houston before being relocated to London as a result of his promotion.[108]

The Court finds that ENSCO plc has sufficient contacts with the United States as a whole such that exercising jurisdiction over ENSCO plc pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure does not exceed the boundaries of the due process clause of the Fourteenth Amendment.[109]

III.   <u>ENSCO plc's Motion to Dismiss on the Basis of *Forum Non Conveniens*</u>

In its Motion to Dismiss, ENSCO plc argues the Plaintiff's claims should be dismissed on the basis of *forum non conveniens*.[110] ENSCO plc argues the Court should

---

[105] R. Doc. 49, at 8 (emphasis in original).
[106] R. Doc. 30-3, at 5.
[107] R. Doc. 30-3, at 4.
[108] *Id.*
[109] Given that Louisiana's long-arm statute confers personal jurisdiction to the limits of constitutional due process, the Court need not further inquire as to whether its exercise of personal jurisdiction over ENSCO plc would violate Louisiana law. *See Luv N' Care*, 438 F.3d at 469; La. R.S. 13:3201(B).
[110] R. Doc. 6-1, at 12.

inquire whether U.S. or foreign law applies and, if foreign law applies, "Whether another adequate forum is available where all defendants are amenable to process."[111] ENSCO plc argues that an application of the *Lauritzen-Rhoditis* factors indicate that either British or Saudi Arabian law should govern this lawsuit and that it is amenable to suit in either the United Kingdom, Cayman Islands or Saudi Arabia.[112]

In *Gonzalez v. Naviera Neptuno A.A.*, the Fifth Circuit explained, "Although the plaintiff's choice of forum should not ordinarily be disturbed, the doctrine of forum non conveniens permits a court to resist imposition upon its jurisdiction even when subject matter jurisdiction is conferred by statute or personal jurisdiction is conferred by minimum contacts or consent."[113] In determining whether a particular forum is appropriate, the court is required to balance the private interests of the litigants as well as the public interest of the chosen forum.[114] The private interests to be considered include: (i) relative ease of access to sources of proof; (ii) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (iii) possibility of view of premises, if a view would be appropriate to the action; (iv) all other practical problems that make trial of a case easy, expeditious and inexpensive; and (v) enforceability of a judgment if one is obtained.[115] The public interest factors include: (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies resolved at home; (iii) the interest in having the trial of a case in a forum that is familiar with the law that governs the action; (iv) the avoidance of unnecessary problems and conflicts of law, or an application of

---

[111] *Id.* (citations omitted).
[112] *Id.* at 12-13.
[113] 832 F.2d 876, 878 (5th Cir. 1987) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).
[114] *Id.*
[115] *Id.* (citing *Gilbert*, 330 U.S. at 508).

foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty.[116]

In its Motion to Dismiss, ENSCO plc argues, "In assessing *forum non conveniens*, the court must first decide whether U.S. law or foreign law applies."[117] The Fifth Circuit previously applied a "'two-prong admiralty forum non conveniens analysis' which required that the district court determine the choice of law before addressing the issue of *forum non conveniens*."[118] "However, this is no longer binding law within the Fifth Circuit as *Vaz Borralho* was expressly overruled on this very issue."[119] "Courts no longer use a modified *forum non convenience* [sic] analysis in any cases, including those arising under the Jones Act and involving general maritime law. Now, choice of law is just one of the many considerations in the *forum non conveniens* analysis and alone is not determinative."[120]

The Fifth Circuit has explained that "[i]n deciding whether to dismiss a case for forum non conveniens, the district court must first determine whether an adequate alternative forum is available."[121] "If an alternative forum is both adequate and available, the district court must then weigh the various private and public factors to determine whether dismissal is warranted."[122] "Ultimately, the inquiry is where the trial will best serve the convenience of the parties and the interests of justice."[123] "A plaintiff's choice of

---

[116] *Id.* (citing *Gilbert*, 330 U.S. at 510; *In re Air Crash Disaster Near New Orleans, La. On July 9, 1982*, 821 F.2d 1147, 1162-63 (5th Cir. 1987)).

[117] R. Doc. 6-1, at 12 (citing *Volyrakis v. M/V ISABELLE*, 668 F.2d 863 (5th Cir. 1982)).

[118] *Layson v. Baffin Investments, Ltd.*, 2015 WL 5559886, at *3 (M.D. La. Sept. 18, 2015) (quoting *Vaz Borralho, et al. v. Keydril Co., et al.*, 696 F.2d 379 (5th Cir. 1983)).

[119] *Id.* (citing *In re: Air Crash*, 821 F.2d at 1163).

[120] *Id.* (citations omitted).

[121] *O'Keefe v. Noble Drilling Corp.*, 347 F. App'x 27, 31 (5th Cir. 2009) (citing *In re: Air Crash*, 821 F.2d at 1165)).

[122] *Id.* (citing *In re: Air Crash*, 821 F.2d at 1165)

[123] *Id.* (citing *DTEX, LLC, v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007)).

forum is not conclusive, and 'a foreign plaintiff's selection of an American forum deserves less deference than an American citizen's selection of his home forum.'"[124] "The Defendant has the burden of proof on all elements."[125] In *In re: Air Crash*, the Fifth Circuit explained:

> This burden of persuasion runs to all the elements of the forum non conveniens analysis. Therefore, the moving defendant must establish that an adequate and available forum exists as to all defendants if there are several. If the moving defendant carries this initial burden, it must also establish that the private and public interests weigh heavily on the side of trial in the foreign forum. The Supreme Court had held that a moving defendant need not submit overly detailed affidavits to carry its burden, but it "must provide enough information to enable the district court to balance the parties interests." [126]

Defendant does not argue another forum is necessarily more convenient, but instead, argues it is amenable to suit in either the United Kingdom, Cayman Islands or Saudi Arabia based largely on an argument rooted in a choice-of-law analysis.[127] Further, the Defendant provides little to no support for its argument that the public and private factors favor litigating this case in either of the three identified alternative forums abroad. Having considered the presumptions that (1) plaintiff's choice of forum should not ordinarily be disturbed and (2) an American citizen's selection of his home forum deserves more deference than a foreign plaintiff's selection as an American forum, in addition to the fact that the burden of proving *forum non conveniens* falls on the Defendant, the Court finds ENSCO plc has not met its burden of proof. ENSCO plc's motion to dismiss on the basis of *forum non conveniens* is denied.

IV.    <u>Has Plaintiff Stated a Viable Claim Against ENSCO plc?</u>

---

[124] *Id.* (citing *In re: Air Crash*, 821 F.2d at 1164).
[125] *Id.* (citing *DTEX, LLC*, 508 F.3d at 794).
[126] *In re: Air Crash*, 821 F.2d at 1164-65 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)).
[127] *Id.* at 12-13.

ENSCO plc contends that beyond jurisdiction and venue, the Plaintiff's Jones Act and General Maritime claims against ENSCO plc are also subject to dismissal on 12(b)(6) grounds considering the Plaintiff was never employed by ENSCO plc, but rather, was employed by a separate and distinct Cayman corporation, co-Defendant ENSCO Limited.[128]

"A Jones Act lawsuit may be properly filed only against the seaman's employer."[129] Courts have held, however that "'the existence of . . . an employer/employee relationship must be determined under maritime law' and that 'resolution of the issue is normally a factual one within the province of a jury.'"[130]

As the Fifth Circuit has explained, "A Jones Act claim also requires proof of an employment relationship either with the owner of the vessel or with some other employer who assigns the work to a task creating a vessel connection, for '(b)y the express terms of the Jones Act an employer-employee relationship is essential to recovery.'"[131] "In determining who is an employer for recovery under the Jones Act, control is the critical inquiry."[132] "The Fifth Circuit has established that the 'factors indicating control over an employee include payment, direction, and supervision of the employee include payment, direction, and supervision of the employee. Also relevant is the source of the power to hire

---

[128] R. Doc. 6, at 2. To the extent ENSCO plc challenges whether the Eastern District of Louisiana is a proper venue, the Court finds that its finding of 4(k)(2) personal jurisdiction satisfies this matter. Although the Court is cognizant that the question of venue is distinct from the question of personal jurisdiction, Rule 4(k)(2) essentially establishes proper venue through its rule that a foreign defendant may be sued in any district when the defendant has sufficient contacts with the United States as a whole. *See Johnson*, 926 F. Supp. 2d. at 883 n.10. *See also, ISI Intern., Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552-53 (7th Cir. 2001); *Allied Van Lines, Inc. v. Beaman*, 2008 WL 4866052, at *2 n.1 (N.D. Ill. July 21, 2008).

[129] 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 6-23 (5th ed. 2011) (internal citations omitted).

[130] *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (quoting *Wheatly v. Gladden*, 660 F.2d 1024, 1026 (4th Cir. 1981)).

[131] *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980) (quoting *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975)).

[132] *Cordova v. Crowley Marine Servs.*, 2003 U.S. Dist. LEXIS 13567, at *7 (E.D. La. July 29, 2003).

and fire.'"[133] "Further, the Fifth Circuit has reasoned that 'the control which is exercised must be substantial; the mere possibility of some control over the actions of an employee will not suffice to define an employer-employee relationship.'"[134]

It is undisputed that Plaintiff was employed by ENSCO Limited.[135] Plaintiff, however, maintains that he was also the concurrent employee of, or the borrowed employee of ENSCO plc.[136] In his Second Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss, oppositions to ENSCO plc's motion to dismiss, Plaintiff argues ENSCO plc:

> Uses 'separate' but wholly-owned direct and indirect subsidiaries as if they were departments. One subsidiary (Ensco International, Inc.) provides insurance benefits regardless where a U.S. citizen employee is assigned, and another (Ensco, Inc.) provides human resources and payroll services regardless of where the U.S. citizen employee is assigned. And U.S. citizen employees like Mr. O'Berry are paper-transferred between Ensco Offshore Company (Gulf of Mexico) and Ensco Limited (overseas).[137]

The Court construes these new factual allegations in Plaintiff's opposition memorandum as a motion to file an amended complaint.[138]  Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[139]  A district court must possess a "substantial reason" to deny a motion

---

[133] *Id.* (quoting *Volyrakis v. M/V Isabelle*, 668 F.2d 863, 866 (5th Cir. 1982)).

[134] *Id.*

[135] R. Doc. 36, at 2.

[136] *Id.*

[137] R. Doc. 52, at 3.

[138] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).

[139] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).

under Rule 15(a).[140] No such reason exists in this case. The Court will allow Plaintiff an opportunity to amend his complaint.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that ENSCO plc's Motion to Dismiss is **DENIED** to the extent it seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(1), Rule 12(b)(2) of the Federal Rules of Civil Procedure and *forum non conveniens*.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his complaint to address the arguments raised in ENSCO plc's Rule 12(b)(6) motion to dismiss on or before **Thursday, March 30, 2017**. If Plaintiff timely files his second amended complaint, Defendant's Rule 12(b)(6) Motion to Dismiss[141] will be dismissed without prejudice as moot. ENSCO plc will be free to re-urge its motion to dismiss in a timely fashion after Plaintiff's second amended complaint is filed.

**New Orleans, Louisiana, this 20th day of March, 2017.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[140] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).  In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005).
[141] R. Doc. 6.