# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIS D. O'BERRY,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3569** |
| **ENSCO INTERNATIONAL, LLC, ET AL.**  Defendants | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by the Plaintiff, Willis D. O'Berry.[1] The Defendants oppose this motion.[2] For the following reasons, the Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

## BACKGROUND

On April 21, 2016, Plaintiff, Willis D. O'Berry, filed his Seaman Complaint against the Defendants.[3] Plaintiff alleges that on or about March 17, 2015, he was a mandatory participant in a water survival training course required by Defendants and taught by their agent, SMTC Global.[4] This course, which Plaintiff concedes was taught ashore, included participating in a simulated at-sea escape from a downed helicopter and boarding of life rafts.[5] Plaintiff, who was then sixty-two years old, alleges he had great difficulty getting out of the water and into a life raft.[6] Plaintiff alleges that, because of his age, he should have had a medical clearance before engaging in such arduous physical activity but did

---

[1] R. Doc. 86.
[2] R. Docs. 91, 107, 108.
[3] R. Doc. 1.
[4] R. Doc. 36, at 3-4.
[5] R. Doc. 1, at 1.
[6] R. Doc. 36, at 3.

1

not.[7] Plaintiff alleges that, while struggling to climb into a life raft from the water, he was injured when he was grabbed at the neck by fellow participants and was roughly hauled aboard the raft.[8] Plaintiff alleges that, as a result, he suffered serious cervical neck injuries for which a lumbar fusion operation was required.[9] Plaintiff alleges he has not been paid maintenance and cure.[10]

On May 16, 2017, the Plaintiff filed his Motion for Partial Summary Judgment.[11] Plaintiff's motion relates to both Jones Act issues and general maritime law issues. Plaintiff seeks summary judgment on the following Jones Act issues: (1) that Plaintiff was a Jones Act seaman during the March 15-17, 2015 time period when he attended the "HUET" re-certification training course; (2) that Ensco Limited was Plaintiff's Jones Act employer during the March 15-17, 2015 time period when he attended the "HUET" re-certification training course; (3) that Plaintiff was "in the course and scope of his employment" during the March 15-17, 2015 time period when he attended the "HUET" re-certification training course; and (4) that SMTC Global was Ensco Limited's agent during the March 15-17, 2015 time period when Plaintiff attended the "HUET" re-certification training course.[12] Plaintiff seeks summary judgment on the following general maritime law issues: (1) that Plaintiff was "in the service of his ship" during the March 15-17, 2015 time period when Plaintiff attended the "HUET" re-certification training course; and (2) that Ensco, Limited, under the general maritime law, was obligated to pay

---

[7] *Id.* at 4
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] R. Doc. 86.
[12] *Id.* at 1.

maintenance and cure to Plaintiff if he was injured during the March 15-17, 2015 time period when he attended the "HUET" re-certification training course.[13]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] "An issue is material if its resolution could affect the outcome of the action."[15] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[16] All reasonable inferences are drawn in favor of the nonmoving party.[17] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[18]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[19] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the

---

[13] *Id.* at 1-2.
[14] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[15] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[17] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[18] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[19] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[20]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[21] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[22] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[23] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[24] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must

---

[20] *Celotex*, 477 U.S. at 322–24.
[21] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[22] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[23] *Celotex*, 477 U.S. at 332–33.
[24] *Id.*

either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[25] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[26]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[27]

## **LAW AND ANALYSIS**

The Defendants argue that the Plaintiff's Motion for Partial Summary Judgment should be denied because foreign law, and not the Jones Act or the general maritime law of the United States, applies to the Plaintiff's claims.[28] Even assuming the Jones Act or the general maritime law of the United States applies to the Plaintiff's claim, there are genuine issues of material fact that preclude summary judgment regarding the four Jones Act issues and the two general maritime law issues raised in the Plaintiff's motion.

---

[25] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[26] *Id.*; *see also First National Bank of Arizona*, 391 U.S at 289.
[27] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[28] R. Doc. 91 at 4.

The Jones Act provides a negligence cause of action for seaman "injured in the course of employment."[29] Under the general maritime law of the United States, a seaman is entitled to maintenance and cure for injuries suffered "while in the service of the vessel."[30] "[T]he Supreme Court has already held that the meaning of the term 'course of employment' under the Jones Act is equivalent of 'the service of the ship' formula used in maintenance and cure cases."[31]

The Fifth Circuit has explained that "the test for whether a Jones Act employee was acting within the course and scope of his employment is whether his actions at the time of the injury were in furtherance of his employer's business interests."[32] Plaintiff admits that the incident in question occurred during a training course on-shore while Plaintiff was on leave.[33] Plaintiff, however, argues he was in the course and scope of his employment when he participated in the "HUET" training because, in part, he was contractually obligated to take the course[34] and the Defendants filled out all of the paperwork and paid the tuition for the course.[35] In support of its argument that Mr. O'Berry was not injured in the course and scope of his employment, or in the service of his vessel, the Defendants have produced the sworn declaration of Paula Hall, Manager of HR Middle East/Africa for Ensco Limited, in which she states that although the HUET training was required by the Operators of the vessel Mr. O'Berry worked on, the training was not required at this particular time and occurred when Mr. O'Berry was onshore

---

[29] 42 U.S.C. § 30140. *See also, e.g., Beech v. Hercules Drilling Company, L.L.C.*, 691 F.3d 566, 570 (5th Cir. 2012) ("In 1920, Congress enacted the Jones Act to create 'a negligence cause of action for ship personnel against their employers." (citations omitted)).
[30] *See, e.g., Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 (5th Cir. 2008) (citations omitted).
[31] *Daughdrill v. Diamond M. Drilling, Co.*, 447 F.2d 781, 783 (5th Cir. 1971) (citing *Braen v. Pfiefer Oil Transportation Co.*, 361 U.S. 129 (1959)).
[32] *Beech*, 691 F.3d at 574.
[33] *See* R. Doc. 86-1 at 2 ¶¶16-17.
[34] R. Doc. 86-2 at 4 (citing R. Doc. 86-6).
[35] *Id.* (citing R. Doc. 86-3 at ¶11, R. Doc. 86-8).

during his leave from the vessel.[36] As a result, there is a factual dispute as to whether Plaintiff's actions at the time of his injury were in furtherance of his employer's business interests. As the Fifth Circuit explained in *Beech v. Hercules Drilling Company, L.L.C.*, "Deciding where an employee's conduct falls on the course and scope of employment continuum is necessarily a fact-intensive inquiry, and courts have few bright line principles to guide them."[37] Because a material issues of fact remain as to whether Mr. O'Berry was injured in the course and scope of his employment, or while in the service of the ship, summary judgment on the issues raised in the Plaintiff's Motion for Partial Summary Judgment is improper at this time.[38]

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment[39] is **DENIED**.

**New Orleans, Louisiana, this 21st day of August, 2017.**

 _____
 **SUSIE MORGAN**
 **UNITED STATES DISTRICT JUDGE**

---

[36] R. Doc. 91-4 at ¶¶ 5-6.
[37] *Beech*, 691 F.3d at 577.
[38] Other material issues of fact remain precluding summary judgment, such as, whether SMTC Global was Ensco Limited's agent during the time period when Plaintiff attended the "HUET" re-certification training course.
[39] R. Doc. 86.